# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

BRITTANY WILLIAMS, individually
and on behalf of a class of all persons and
entities similarly situated,

         Plaintiff

vs.

FREEDOM MORTGAGE CORPORATION

        Defendant.

Case No.  3:25-cv-12599-JDA

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     However, the TCPA restricts more than robocalls.

3.     The Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering more than one advertisement or marketing call to residential telephone

numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

4.     The Plaintiff also brings this action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 *et. seq.*

5.     The SCTPPA prohibits a company from making a call to a South Carolina telephone number that had been registered on the National Do Not Call Registry, as was Ms. William's was prior to receiving the call.

6.     Plaintiff Michele Williams ("Plaintiff") brings this action under the TCPA alleging that Freedom Mortgage Corporation called the Plaintiff, whose number is on the National Do Not Call Registry. Those calls were made without the call recipient's prior express written consent.

7.     Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

8.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

9.     Plaintiff Brittany Williams is a person residing in Richland County, South Carolina.

10.     Defendant Freedom Mortgage Corporation is a company that makes calls into this District.

**Jurisdiction & Venue**

11.    The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

12.    This Court has specific personal jurisdiction over Defendant Freedom Mortgage Corporation, because it made telemarketing calls into this state.

13.    Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant made the calls into this District.

**The Telephone Consumer Protection Act**

14.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

15.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

17.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The SCTPPA

18.    On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et. seq*.

19.    The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

20.    The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA.  S.C. Code § 37-21-80.

## Factual Allegations

21.    The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22.    Defendant Freedom Mortgage Corporation is a seller of various mortgage loan products.

23.    To generate business, Freedom Mortgage places telemarketing calls to numbers on the National Do Not Call Registry.

24.    Ms. Williams's telephone number, (484) XXX-XXX, is a non-commercial telephone number.

25.    Ms. Williams uses the number for personal, residential, and household reasons.

26.    Ms. Williams's telephone number has been listed on the National Do Not Call Registry since she personally registered it there in 2017.

27.     Plaintiff has never been a customer of Freedom Mortgage, never did business with Freedom Mortgage, nor asked or inquired to be a customer of Freedom Mortgage.

28.     Despite that, in 2025 Ms. Williams received several telemarketing calls from Freedom Mortgage.

29.     On July 24, 2025, at approximately 12:46 p.m., Plaintiff's residential number received a telemarketing call from 1 (405) 267-2655 that lasted fourteen seconds that was intended to offer the Defendant's loan services.

30.     On July 25, 2025, at approximately 11:33 a.m., Plaintiff's residential number again received a call from +1 (405) 267-2655.

31.     The caller identified herself as Stephanie Donahue, NMLS ID 1321872, a loan originator employed by Freedom Mortgage Corporation in Marlton, New Jersey.

32.     Donahue solicited Plaintiff to withdraw cash from her home equity for improvements, investments, or consolidation.

33.     Donahue left a callback number of 866-642-7907, which is a number for the Defendant.

34.     The Plaintiff did not return her call or otherwise express interest.

35.     On July 31, 2025, at approximately 12:47 p.m., Plaintiff's residential number received another call from 1 (405) 267-2655.

36.     The caller identified herself as Andrea Bartos, NMLS ID 1554175, a loan advisor authorized to represent Freedom Mortgage Corporation from its Boca Raton, Florida office.

37.     Bartos solicited Plaintiff to access cash from home equity for expenses and improvements.

38.     Bartos left a callback number of 833-700-6842, a number for the Defendant.

39.     On August 5, 2025, at approximately 2:42 p.m., Plaintiff's residential number again received a call from 1 (405) 267-2655.

40.     The caller identified herself as Robin Ackerman, NMLS ID 1515208, a licensed mortgage loan originator for the Defendant.

41.     Ackerman promoted refinancing options to extract home equity cash for Plaintiff.

42.     Each caller was a licensed loan originator or advisor actively authorized to represent Freedom Mortgage or related mortgage companies at the time of the calls.

43.     These calls were made for the purpose of marketing Freedom Mortgage's loan products and services.

44.     The Plaintiff's privacy was invaded on the calls.

## Class Action Statement

45.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

46.     Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

47.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **SCTPPA Class:** All persons with a South Carolina area code to whom (a) at any time in the period that begins four years before the date of filing this Complaint to trial (b) from or on behalf of the Defendant (c) placed at least one telephone solicitation to a number registered on the National Do Not Call Registry.

48. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

49. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

50. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

51. This Class Action Complaint seeks injunctive relief and money damages.

52. The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

53. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

54. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

55. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

56. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

57. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a.      Whether Defendant made calls to Plaintiff and members of the SCTPPA Class;

b.      Whether Defendant made telemarketing calls to Plaintiff and members of the National DNC Class;

c.      Whether Defendant's conduct constitutes a violation of the TCPA; and

d.      Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

58.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

59.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff's counsel is committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

60.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

61.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**

62.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

63.    It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

64.    Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation text messages and/or telemarketing text messages to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

65.    These violations were willful or knowing.

66.    As a result of violations of the TCPA's national do-not-call rule by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

67.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## SECOND CAUSE OF ACTION
### Violation of the SCTPPA

68.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

69.    The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to an area code of the state of South Carolina to a number that is registered on the National Do Not Call Registry.

70. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA, as well as attorneys' fees and costs. S.C. Code § 37-21-80.

### Relief Sought

For themselves and all class members, Plaintiff request the following relief:

A. Certification of the proposed classes;

B. Appointment of the Plaintiff as representatives of the classes;

C. Appointment of the undersigned counsel as counsel for the classes;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and SCTPPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the classes of damages, attorneys' fees, and costs, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

DATED this 17th day of September, 2025.

PLAINTIFF,
By her attorneys,

By:    _s/ Dave Maxfield_____
David A. Maxfield, Fed ID 6293
P.O. Box 11865
Columbia, SC 29211
803-509-6800

855-299-1656 (fax)
dave@consumerlawsc.com